# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PERRY R. SILVERMAN,**

        **Plaintiff,**

        v.

**I.C. SYSTEM, INC.,**

        **Defendant.**

**Civil Action 2:18-cv-1281**
**Chief Judge Edmund A. Sargus**
**Magistrate Judge Jolson**

## REPORT AND RECOMMENDATION

On October 23, 2018, Plaintiff filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. 2). Plaintiff, however, did not include his signature or date on his affidavit in support, and the Court issued a deficiency notice. (Doc. 3). Plaintiff then filed a corrected motion. (Doc. 4). For the following reasons, the Court finds that it cannot grant Plaintiff *in forma pauperis* status.

In *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331 (1948), the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis*. An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself and his dependents the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs*., 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-

time payment of the Court's filing fee will render the plaintiff unable to provide for himself and his dependents, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In Plaintiff's affidavit, he explains that he is employed and earns $1,600.00 per month and that his spouse earns $2,602.00 per month. (Doc. 2 at 2). While Plaintiff states that he has $50.00 in his bank account, he also states that he has received $10,260.00 in social security over the last twelve months and $20,800.00 from the law firm Fitrakis & Gadell-Newton. (*Id*.). Plaintiff's expenses include car payments, student loans, credit card payments, medical bills, utility bills, rent, and gas, totaling $4,325.00. (*Id*. at 3).

Based on the information Plaintiff provided in his affidavit, it appears that he has access to sufficient assets such that paying the one-time filing fee of $400.00 would not impose an undue hardship upon him. At base, with a household monthly income of $4,202.00 and no dependents, paying the filing fee would not cause Plaintiff to deprive himself the necessities of life. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) be **DENIED** and that Plaintiff's earlier deficient motion for leave to proceed *in forma pauperis* (Doc. 2) be **DENIED as moot**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: October 26, 2018
/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE