# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

PERRY R. SILVERMAN,

    Plaintiff,

v.

I.C. SYSTEM, INC.,

    Defendant.

Case No. 2:18-cv-1281
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## ORDER

This matter is before the Court for consideration of Plaintiff Perry R. Silverman's Objections (ECF No. 7) to the Magistrate Judge's Report and Recommendation (ECF No. 5). For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections.

## I.

Plaintiff, represented by counsel, initiated this action against Defendant and concurrently filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2). The next day, the Magistrate Judge issued a Deficiency Notice (ECF No. 3), which directed Plaintiff to resubmit his *in forma pauperis* affidavit with the proper date and signature. Plaintiff then filed his amended affidavit (ECF No. 4). The Magistrate Judge then issued a Report and Recommendation, which recommended denying as moot Plaintiff's first motion and denying Plaintiff's amended motion for failing to establish undue hardship.

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff objected to the Report and Recommendation. This Court must now "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* Plaintiff timely objected to the Report and Recommendation's conclusions because his application: (1) demonstrates his inability to pay, (2) shows that his monthly income is less than his monthly expenses and

existing liabilities; and (3) shows that he cannot pay the filing fee without undue hardship. *See* Pl.'s Obj. at 1. For the reasons that follow, the Court overrules Plaintiff's objections.

## II.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. In *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, the Supreme Court established the applicable standard for a motion to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it illustrates the plaintiff cannot pay the Court's filing fee without depriving himself and his dependents the "necessities of life." *Id.* at 339 (internal quotations omitted). When evaluating applications to proceed *in forma pauperis*, courts generally consider an applicant's employment, annual income and expense, and any other property or assets the individual possesses. *See Giles v. Comm'r of Soc. Sec.*, No. 14-cv-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

## III.

In his affidavit, Plaintiff lists the following income: (i) monthly household earnings of $4,202; (ii) the recent payment from a law firm totaling $20,800; and (iii) Social Security payments totaling $10,260 over the previous twelve months. *See* Pl.'s Obj. at 2 (ECF No. 4). In addition to accessible income, Plaintiff lists $50 of available cash or money in an account. *Id.* at 3. Plaintiff is employed and has no dependents. *Id.* at 2. Plaintiff's existing debts and monthly expenses total $4,315. *Id.*[1]

---

[1] Plaintiff argues that "his family experiences a monthly income deficiency with no other assets for support." *See* Pl.'s Obj. at 7. The Court notes, however, Plaintiff's affidavit does not clarify one-time debts from recurring monthly expenses. If any of Plaintiff's one-time debts are calculated as a lump sum monthly expense, then his monthly financial obligations might be significantly overstated. If that is the case, then it is unlikely Plaintiff suffers a monthly deficit.

Based on the information Plaintiff provided in the affidavit, Plaintiff has failed to establish that the $400 filing fee will deprive him the necessities of life. Although Plaintiff claims his monthly expenses are greater than his monthly income, a monthly deficit of $113 does not mean a one-time payment of $400 will result in undue hardship. *C.f. Sanchez c. USAA Ins.*, 59 F. Supp. 3d 1286 (D. N.M. 2014) (granting leave to proceed *in forma pauperis* because the plaintiff's monthly expenses were more than six times his monthly income). In fact, Plaintiff's income of $31,860 from other sources over the prior twelve months indicates an ability to pay the filing fee.

### IV.

For those reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 5), **OVERRULES** Plaintiff's Objection (ECF No. 7), **DENIES** Plaintiff's Motion For Leave to Proceed *In Forma Pauperis* (ECF No. 4), and **DENIES as MOOT** Plaintiff's prior Motion For Leave to Proceed *In Forma Pauperis* (ECF No. 2).

**IT IS SO ORDERED.**

11-26-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**