IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PERRY R. SILVERMAN, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:18-cv-1281 |
| | : | |
| v. | : | Judge Edmund A. Sargus |
| | : | |
| I.C. SYSTEM, INC., | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Plaintiff moves this Court under Fed. R. Civ. P. 26(c)(1) and S.D. Ohio Civ. R. 37.1 for a protective order staying his deposition, noticed by the defendant for March 18, 2019, because:

1. The purpose of this deposition can only be to visit annoyance, oppression, and undue burden on the plaintiff;

2. The plaintiff moved for summary judgment on December 28, 2018, all the briefing allowed under S.D. Ohio Civ. R. 7.2(a)(2) has since been filed, and this motion is still pending;

3. The defendant failed to move for leave to conduct discovery under Fed. R. Civ. P. 56(d) to oppose summary judgment;

4. The defendant moved for leave file a sur-reply on February 18, 2019, but cited no grounds that support a sur-reply and did not say that plaintiff's deposition was needed for this motion;

5. Plaintiff proposed, in good faith, an alternative discovery method to the defendant that was rejected by the defendant without its offering another alternative to a deposition; and

6. The parties have thereby exhausted the extrajudicial means available for resolving their differences.

[1]

The foregoing is set forth more specifically in the memorandum and exhibits filed herewith.

>Respectfully submitted,
>
>/s/ Robert J. Fitrakis
>
>Robert J. Fitrakis (0076796)
>FITRAKIS & GADELL-NEWTON, LLC
>1021 East Broad Street
>Columbus, OH  43205
>Phone:  (614) 307-9783
>Fax:     (614) 929-3513
>E-Mail: fgnlegal@gmail.com
>*Trial Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PERRY R. SILVERMAN, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:18-cv-1281 |
| | : | |
| v. | : | Judge Edmund A. Sargus |
| | : | |
| I.C. SYSTEM, INC., | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendant. | : | |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

### I.   BACKGROUND

Plaintiff filed this action on October 23, 2018 against defendant I.C. System, Inc. ("ICS") for violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692, et seq.).  In his amended complaint (Doc. 6), the plaintiff asserted that ICS is a debt collector who attempted to collect a debt that plaintiff once owed to Ohio Gastroenterology Group.  Plaintiff contends that ICS made false, deceptive, and misleading representations to Experian, a credit reporting agency, that this debt was unpaid and delinquent.   This is because the plaintiff paid Ohio Gastroenterology Group in full about a month before ICS misrepresented to Experian that that this debt was still unpaid and delinquent.

After ICS filed an answer (Doc. 12) on December 24, 2019, the plaintiff moved for summary judgment (Doc. 14) on December 28, 2018.  On January 18, 2019, ICS filed a memorandum opposing summary judgment (Doc. 16).  The plaintiff filed a reply brief supporting summary judgment on January 24, 2019 (Doc. 18).  This motion is still pending.

[3]

On February 18, 2019, ICS filed a motion for leave to file a sur-reply (Doc. 19). On February 25, 2019, the plaintiff filed a memorandum opposing this motion (Doc. 22). ICS has yet to file a reply memorandum.

On March 4, 2019, ICS served the plaintiff with a deposition notice that said "Defendant I.C. System, Inc. . . . notices Plaintiff's deposition for March 18, 2019 at 10:00 a.m., at the office of Plaintiff's counsel." A true copy of this notice is filed herewith as an exhibit.

On March 4, 2009, plaintiff's counsel e-mailed a letter to ICS that said in relevant part:

> In my opinion, your proposed deposition has no purpose besides visiting annoyance, oppression, and undue burden on the plaintiff. It cannot be used to oppose his summary judgment motion. He is thereby entitled to a protective order.
>
> However, Fed. R. Civ. P. 26(c)(1) requires us to first confer or attempt to confer "in an effort to resolve the dispute without court action". To resolve this dispute, I propose that you submit written questions to the plaintiff for him to answer, as appropriate, on the condition that he will not be deposed.
>
> If we cannot resolve this dispute by Monday, March 11, 2019, I will file a protective order motion on that date . . .

Plaintiff made a good faith effort to resolve the dispute. A true copy of this letter is also filed herewith as an exhibit.

ICS' attorney responded by e-mail that "Plaintiff's premature filing of a motion for summary judgment does not mean that we cannot take Plaintiff's deposition. Please reconsider." This response did not suggest a reason or purpose for taking the plaintiff's deposition.

Plaintiff's attorney answered ICS' e-mail that:

> As to your deposition notice, my position stated in today's letter is unchanged.
>
> Plaintiff's summary judgment motion is not premature. According to Fed. R. Civ. P. 56(b), 'a party may file a motion for summary judgment ***at any time*** until 30 days after the close of all discovery'

[4]

> (emphasis added).
>
> S.D. Ohio Civ. R. 7.2(a)(2) 'proscribes the filing of additional memoranda . . . opposing a pending motion for summary judgment'. Since you cannot use the plaintiff's deposition for this purpose, it can only be intended to visit annoyance, oppression, and undue burden on him.
>
> Please respond to the compromise proposal in my letter that you submit written questions to the plaintiff for him to answer, as appropriate, on the condition that he will not be deposed

(case citation omitted).  True copies of these e-mails are filed herewith as exhibits.

ICS' insistence on a deposition is a rejection of plaintiff's compromise proposal.  ICS has offered no alternative to its proposed deposition.  The parties have thereby exhausted extrajudicial means for resolving their differences on this matter.

## II.　ARGUMENT

### A. ICS' PROPOSED DEPOSITION HAS NO PURPOSE OTHER THAN VISITING ANNOYANCE, OPPRESSION, UNDUE BURDEN, AND EXPENSE ON THE PLAINTIFF.

It is well-settled that:

> Federal Rule of Civil Procedure 26(c)(1)(A) provides that a district 'court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, inter alia, barring the deposition of that individual.' To justify restricting discovery, the harassment or oppression should be unreasonable, but 'discovery has limits and . . . these limits grow more formidable as the showing of need decreases.'  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 2036 (3d ed. 2012).  'Thus even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it.' *Id.*

Serrano v. Cintas Corp., 699 F.3d 884, 901 (6th Cir. 2012).  To justify a protective order, one of the harms described in Rule 26(c)(1)(A) "must be illustrated 'with a particular and specific

demonstration of fact'." Nemir v. Mitsubishi Motors Corp., 381 F.3d 540, 550 (6th Cir. 2004).

District courts have "wide discretion to limit discovery to prevent 'annoyance, embarrassment, oppression, or undue burden or expense', including with regard to the designation of the time and place of depositions." Lomax v. Sears, Roebuck & Co., No. 99-6589, 2000 WL 1888715, at *3 (6th Cir., Dec. 19, 2000). A motion for a protective order against a deposition "is considered by reviewing three factors of the cost, convenience, and litigation efficiency". Scooter Store, Inc. v. Spinlife.com, LLC, No. 2:10-cv-18, 2011 WL 2118765, at *2 (S.D. Ohio, May 25, 2011).

According to Fed. R. Civ. P. 26(b)(2)(C):

> The court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Determining whether the burden or expense of the proposed discovery outweighs its likely benefit is within the district court's sound discretion. Rorrer v. City of Stow, 743 F.3d 1025, 1048 (6th Cir. 2012).

1. **The Burden And Expense That Plaintiff Will Incur For His Deposition Outweighs Its Benefit To ICS, There Is A More Convenient And Less Expensive Means Of Discovery, And ICS Had An Earlier Opportunity To Depose The Plaintiff.**

According to S.D. Ohio Civ. R. 7.2(a)(2):

> Any memorandum in opposition [to a motion] shall be filed within twenty-one days after the date of service of the motion. . . . Any reply memorandum shall be filed within fourteen days after the date of service of the memorandum in opposition. No additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown.

Rule 7.2(a)(2) "proscribes the filing of additional memoranda supporting or opposing a pending motion for summary judgment". Derungs v. Wal-Mart Stores, Inc., 162 F.Supp.2d 861, 867 (S.D. Ohio 2001).

The plaintiff moved for summary judgment (Doc. 14) on December 28, 2018. On January 18, 2019, ICS filed a memorandum opposing summary judgment (Doc. 16). The plaintiff filed a reply brief supporting summary judgment on January 24, 2019 (Doc. 18). This motion has been fully briefed.

On February 18, 2019, ICS filed a motion for leave to file a sur-reply (Doc. 19). On February 25, 2019, the plaintiff filed a memorandum opposing this motion (Doc. 22). ICS has not yet filed a reply memorandum, but it is due on March 11, 2019. ICS wants to take plaintiff's deposition one (1) week later and has never said that plaintiff's deposition is needed for its sur-reply.

Moreover, a sur-reply "is not warranted where the party merely seeks to . . . [dispute] the opposing party's submissions". Florida Keys Elec. Co-op Assn., Inc. v. Nationwide Life Ins. Co., No. 2:14-cv-372, 2015 WL 5308630, at *2 (S.D. Ohio, Oct. 16, 2014). To allow a sur-reply, "the [movant's] reply brief must raise new grounds that were not presented as part of the movant's initial motion". Comtide Holdings, LLC v. Booth Creek Mgmt. Corp., No. 2:07-cv-1190, 2010 WL 4117552, at *4 (S.D. Ohio, Oct. 19, 2010). ICS does not contend that the plaintiff raised new grounds for summary judgment in his reply memorandum (Doc. 19-2, PageID #204-209).

While plaintiff's summary judgment motion is pending, ICS' need for discovery is

[7]

governed by Fed. R. Civ. P. 56(d).  According to Rule 56(d):

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Summary judgment can be granted without discovery unless the opposing party proves that discovery is actually needed.  Harrods, Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002).  If a party believes that more discovery is necessary to demonstrate a genuine issue of material fact, it must file a Rule 56(d) affidavit "stating that it could not properly oppose a motion for summary judgment without a chance to conduct discovery".  Harrods, 302 F.3d at 244 (citing Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir.1996)).

ICS has not filed a Rule 56(d) motion or affidavit to stay the plaintiff's summary judgment motion so that it can depose him.  This would have given ICS an earlier opportunity to take plaintiff's deposition, but ICS declined to do so.  ICS did not contend in its later correspondence that it needed plaintiff's deposition to oppose summary judgment.

The plaintiff will incur attorney fees and the burden of preparing for his deposition.  This outweighs any benefits that ICS can obtain from taking his deposition now, because such benefits will disappear if this Court grants the plaintiff's summary judgment motion.

There is a more convenient and less expensive means of discovery.  The plaintiff has, in good faith, offered to ICS that it submit written questions to the plaintiff for him to answer on the condition that he will not be deposed.  ICS has refused this offer and failed to suggest another alternative to plaintiff's deposition.

   2. **Even A Slight Inconvenience May Be Unreasonable If There Is No Occasion For The Inquiry And It Cannot Benefit The Party Making It.**

ICS' proposed deposition has no purpose other than visiting annoyance, oppression, undue burden, and expense on the plaintiff. There is no "occasion" to depose the plaintiff because his summary judgment motion has been fully briefed by the parties. No more briefing is allowed under S.D. Ohio Civ. R. 7.2(a)(2). ICS has no opportunity to use, or benefit from, plaintiff's deposition to oppose summary judgment at this late date.

ICS cannot use plaintiff's deposition for a sur-reply because the plaintiff has shown that ICS has no grounds for a sur-reply (Doc. 22, PageID #234-239). So, ICS has no opportunity to use, or benefit from, plaintiff's deposition for a sur-reply.

ICS has not presented a reason for taking the plaintiff's deposition at this time. This leaves only one explanation. ICS is merely trying to annoy and oppress the plaintiff with a purposeless deposition. ICS is trying to make him incur attorney fees and the burden of preparing for a purposeless deposition. Therefore, the plaintiff is entitled to an order staying his deposition under Rule 26(c)(1)(A) pending the outcome of his summary judgment motion.

   3. **The Plaintiff May File A Motion For Protective Order Because The Parties Have Exhausted Extrajudicial Means For Resolving This Dispute.**

According to S.D. Ohio Civ. R. 37.1, "[o]bjections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences." This contemplates "one mandated step" to resolve such differences. Tdata Inc. v. Aircraft Technical Publishers, No. 2:03-cv-264, 2008 WL 2169353, at *3 (S.D. Ohio, May 21, 2008).

Plaintiff took the one mandated step to resolve this dispute by proposing to ICS that it

submit written questions for him to answer.  ICS responded by insisting on a deposition, thereby rejecting plaintiff's proposal.  ICS has not offered a different discovery alternative since.  The parties are at an impasse, and have therefore exhausted extrajudicial means for resolving their differences.

### III. CONCLUSION

For the foregoing reasons, plaintiff Perry R. Silverman requests that this Court grant his protective order motion and stay his deposition, noticed by the defendant for March 18, 2019, pending the outcome of plaintiff's summary judgment motion.

Respectfully submitted,

/s/ Robert J. Fitrakis

Robert J. Fitrakis (0076796)
FITRAKIS & GADELL-NEWTON, LLC
1021 East Broad Street
Columbus, OH  43205
Phone: (614) 307-9783
Fax: (614) 929-3513
E-Mail: fgnlegal@gmail.com
*Trial Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was sent by electronic mail through the CM/ECF System to Boyd W. Gentry, Esq. and Zachary P. Elliott Esq., Trial Attorneys for Defendant, 4031 Colonel Glenn Highway, First Floor, Beavercreek, Ohio 45431, bgentry@boydgentrylaw.com, on March 11, 2019.

/s/ Robert J. Fitrakis

Robert J. Fitrakis (0076796)
*Trial Attorney for Plaintiff*

[10]