# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PERRY R. SILVERMAN,**

      **Plaintiff,**

                                **Civil Action 2:18-cv-1281**
v.                            **Chief Judge Edmund A. Sargus**
                                **Magistrate Judge Jolson**

**I.C. SYSTEM, INC.,**
      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Protective Order (Doc. 24). For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

Plaintiff filed this action on October 23, 2018, against Defendant I.C. Systems, Inc., alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (Doc. 1). Plaintiff amended the complaint on October 30, 2018, asserting that Defendant is a debt collector that attempted to collect a debt once owed to Ohio Gastroenterology Group. (Doc. 6). Defendant answered the amended complaint on December 24, 2018. (Doc. 12). Four days later, Plaintiff moved for summary judgment. (Doc. 14). Defendant responded to Plaintiff's motion for summary judgment (Doc. 16), Plaintiff filed a reply (Doc. 17), and Defendant filed a motion for leave to file a surreply on February 25, 2019 (Doc. 19). Plaintiff's motion for summary judgment and Defendant's motion for leave to file a surreply to the motion for summary judgment are still pending. As of the date of this Order, Defendant has not moved for summary judgment in its favor.

Defendant served Plaintiff with a deposition notice on March 4, 2019, stating "Defendant . . . notices Plaintiff's deposition for March 18, 2019 at 10 a.m., at the office of Plaintiff's counsel." (Doc. 24-1). That same day, Plaintiff's counsel sent an e-mail to Defendant's counsel stating the following in relevant part:

> In my opinion, your client is not entitled to take the plaintiff's deposition because the plaintiff moved for summary judgment . . . [Defendant] filed a memorandum opposing summary judgment . . . and the plaintiff filed a reply brief supporting summary judgment. . . . All the briefing allowed under S.D. Ohio Civ. R. 7.2(a) has therefore been filed. Under these circumstances, your client must move for leave to conduct discovery pursuant to Fed. R. Civ. P. 56 (d). It has not done so.
>
> In my opinion, your proposed deposition has no purpose besides visiting annoyance, oppression, and undue burden on the plaintiff. It cannot be used to oppose his summary judgment motion. He is thereby entitled to a protective order.
>
> However, Fed. R. Civ. P. 26(c)(1) requires us to first confer or attempt to confer "in an effort to resolve the dispute without court action". To resolve this dispute, I propose that you submit written questions to the plaintiff for him to answer, as appropriate, on the condition that he will not be deposed.
>
> If we cannot resolve this dispute by Monday, March 11, 2019, I will file a protective order motion on that date to give the Court sufficient time to resolve the issue.

(Doc. 24-2). Defendant's counsel responded with an email stating the following:

> Thank you for your letter. I think we have different readings of the civil rules. No rule requires us to move for leave to take Plaintiff's deposition. In fact, Rule 26(d) permits discovery once the 26f conference has occurred. Plaintiff's premature filing of a motion for summary judgment does not mean that we cannot take Plaintiff's deposition. Please reconsider. If you need to propose alternate dates, please do so promptly. Let's not wait until after the PPC to get a date set. Thanks[.]

(Doc. 24-3). Plaintiff's counsel responded with a second email reiterating the same position from the first email and stating the motion for summary judgment was not premature. (Doc. 24-2). The parties were unable to resolve the dispute and instant motion was filed (Doc. 24), Defendant responded (Doc. 26), and Plaintiff filed a reply in support (Doc. 27).

## II. STANDARD

Rule 26(c)(1)(A) of the Federal Rules of Civil Procedure provides that a district "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by barring the deposition of that individual. "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citations omitted). To show good cause, the movant "must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* "To justify restricting discovery, the harassment or oppression should be unreasonable, but 'discovery has limits and . . . these limits grow more formidable as the showing of need decreases.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2010) (quoting 8A Charles Alan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 2036 (3d ed. 2012)). "Thus even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it." *Id.* Rule 26(c) affords district courts "wide discretion to limit discovery to prevent 'annoyance, embarrassment, oppression, or undue burden or expense,' including with regard to the designation of the time and place of depositions. *Madej v. Maiden*, No. 2:16-cv-658, 2017 U.S. Dist. LEXIS 127876, at *20 (S.D. Ohio Aug. 11, 2017) (quoting *Lomax v. Sears, Roebuck & Co.*, NO. 99-6589, 2000 U.S. App. LEXIS 33884, at *8 (6th Cir. Dec. 19, 2000)).

## III. DISCUSSION

As a preliminary matter, the Court finds that the parties have exhausted extrajudicial means for resolving their differences under Southern District of Ohio Local Rule 37.1, so the motion is ripe for resolution.

Plaintiff has not shown good cause justifying a protective order that would prevent Defendant from deposing Plaintiff before a decision on Plaintiff's motion for summary judgment is issued. Plaintiff's argument for undue burden and expense is that he "will incur attorney fees and the burden of preparing for his deposition." (Doc. 24 at 8). Plaintiff states these burdens outweigh any benefits that Defendant can obtain from taking his deposition now. (*Id.*). This argument is not well taken.

Plaintiff argues that Defendant seeks Plaintiff's deposition to oppose his summary judgment claim of actual damages and test the veracity of his summary judgment declaration. (Doc. 27 at 4). Plaintiff asserts that under Local Rule 7.2(a)(2) and Rule 56(d) of the Federal Rules of Civil Procedure, Defendant cannot take his deposition at this time. Numerous times, in emails to opposing counsel and in the briefing, Plaintiff states that Local Rule 7.2(a)(2) "proscribes the filing of additional memoranda supporting or opposing a pending motion for summary judgment." *Derungs v. Wal-Mart Stores, Inc.*, 162 F. Supp. 2d 861, 867 (S.D. Ohio 2001). That language is extracted from the following excerpt:

> Although the Plaintiffs rely upon this language to argue that Rule 7.2(a)(2) prohibits the filing of successive summary judgment motions, they are mistaken. Rule 7.2(a)(2) merely proscribes the filing of additional memoranda supporting or opposing a pending motion for summary judgment. Absolutely nothing in that Rule prohibits the filing of a second motion for summary judgment.

*Id.* Accordingly, this language does not support staying a deposition until after a pending motion for summary judgment is resolved. *Derungs* merely clarifies that Local Rule 7.2(a)(2) prohibits the filing of additional memoranda regarding a motion for summary judgment without leave, and does not prohibit the filing of additional motions for summary judgment. Similarly, Rule 56(d) provides the following:

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit
> or declaration that, for specified reasons, it cannot present facts essential to justify
> its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Plaintiff's arguments rely on the premise that Defendant's only reason for seeking Plaintiff's deposition testimony is to oppose Plaintiff's pending motion for summary judgment. That is not the instant situation.

Plaintiff's arguments ignore Defendant's other stated motives for taking Plaintiff's deposition. First, Defendant has only opposed Plaintiff's motion for summary judgment and has not moved for summary judgment in its favor. Second, Plaintiff ignores Defendant's valid point that even if liability is established on summary judgment, the only evidence Plaintiff has presented establishing actual damages is his own affidavit. (Doc. 14-1). Plaintiff's deposition testimony could be used to refute Plaintiff's measurement of actual damages. Finally, Defendant states that Plaintiff's deposition could be used to determine whether Plaintiff brought this suit in bad faith, which Defendant represents is a relevant inquiry under 15 U.S.C. § 1692k.[1] (Doc. 26 at 2). Each of the forgoing is a valid reason for Defendant to seek Plaintiff's deposition testimony other than opposing Plaintiff' pending motion for summary judgment.

Plaintiff has failed to "articulate specific facts showing clearly defined and serious injury resulting from the discovery sought." *Nix*, 11 F. App'x at 500. Defendant has demonstrated that it has a legitimate need for Plaintiff's deposition testimony, other than causing annoyance, oppression, and undue burden to Plaintiff. Plaintiff's supposed burden, including attorney's fees

---

[1] 15 U.S.C. § 1692k(a)(3) provides that "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."

and time he will have to spend preparing for the deposition, is slight and hardly amounts to unreasonable oppression. Accordingly, Plaintiff's Motion for Protective Order (Doc. 24) is **DENIED**.

    IT IS SO ORDERED.


Date: April 8, 2019                                            /s/ Kimberly A. Jolson
                                                                        KIMBERLY A. JOLSON
                                                                        UNITED STATES MAGISTRATE JUDGE