UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PERRY R. SILVERMAN,**

    **Plaintiff,**

v.

**I.C. SYSTEM, INC.,**

    **Defendant.**

**Case No. 2:18-CV-1281**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Perry R. Silverman's ("Silverman") *Motion for Summary Judgment* (ECF No. 14), Defendant I.C. System, Inc.'s ("I.C. System") *Motion for Leave to File Sur-reply* (ECF No. 19), and Silverman's *Objection to the Opinion and Order Denying the Motion for Protective Order* (ECF No. 29). Both parties have timely filed responses to these motions and they are ripe for review. For the reasons below, the Court **DENIES without PREJUDICE** Silverman's *Motion for Summary Judgment* (ECF No. 14), **DENIES as MOOT** I.C. System's *Motion for Leave to File Sur-Reply* (ECF No. 19), and **OVERRULES as MOOT** Silverman's *Objection*. (ECF No. 29).

I.

**A. Factual Background**

On February 13, 2018, Silverman incurred a debt to Ohio Gastroenterology Group ("Ohio Gastro"). Pl.'s Aff. at ¶ 4. As of March 6, 2018, Silverman owed Ohio Gastro $55.52. *Id.* Silverman then asked Ohio Gastro for a charity write-off on the entire balance. *Id.* at ¶ 5. Ohio Gastro never responded to Silverman's request, and, on July 16, 2018, Ohio Gastro sent the debt to I.C. System for collection. *Id.* at ¶ 6.

On July 18, 2018, I.C. System called Silverman but only reached his answering machine. Def.'s Memo. in Opp., Ex. B at 11 (ECF No. 16-2). I.C. System sent an initial notice letter to Silverman that day. *Id.* Silverman received that letter in late-July. Pl.'s Aff. at ¶ 7. Subsequently, I.C. System called Silverman six times. Def.'s Memo. in Opp., Ex. B at 9–11. Silverman never answered. *Id.*

On September 20, 2018, Silverman paid his debt directly to Ohio Gastro. Pl.'s Aff. at ¶ 8. I.C. System called Silverman on October 10, 2018, but he did not answer. Def.'s Memo. in Opp., Ex. B at 9. On October 14, 2018, I.C. System notified Experian, a credit reporting agency, that Silverman's debt was delinquent. Def.'s Ex. A at 2; Pl.'s Aff. at ¶ 9. Experian published this information on Silverman's credit report. Pl.'s Aff. at ¶ 10.

On October 19, 2018, Silverman called I.C. System. Def.'s Ex. A at 2; Pl.'s Aff. at ¶ 12. Silverman informed I.C. System employee Joyce Perdew ("Perdew") that he had already paid Ohio Gastro on September 20, 2018. *Id.* I.C. System first learned that Silverman had resolved the debt during that call. Def.'s Ex. A at 2. I.C. System immediately contacted Ohio Gastro to confirm Silverman's September 20th payment. *Id.* On October 21, 2018, Ohio Gastro confirmed that Silverman had fully resolved his debt. *Id.* I.C. System immediately submitted a trade line deletion request to its credit bureaus and ceased all collection activities on Silverman's account. *Id.*

**B. Procedural Background**

On October 30, 2018, Silverman filed his Amended Complaint against I.C. System, alleging I.C. System violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. On December 24, 2018, I.C. System filed its Answer. Silverman filed his Motion for Summary

Judgment four days later. To support his Motion for Summary Judgment, Silverman relied solely on his own affidavit.

I.C. System filed a memorandum in opposition. Silverman filed a reply. On February 18, 2019, I.C. System filed its Motion for Leave to File a Sur-reply. In response, Silverman filed a memorandum in opposition, and I.C. System filed a reply.

On March 4, 2019, I.C. System served Silverman with a deposition notice, stating "Defendant … notices Plaintiff's deposition for March 18, 2019 at 10 a.m., at the office of Plaintiff's counsel." (ECF No. 24-1). That day, Silverman's counsel sent an email to I.C. System's counsel stating the following:

> In my opinion, your client is not entitled to take the plaintiff's deposition because the plaintiff moved for summary judgment . . . [Defendant] filed a memorandum opposing summary judgment . . . and the plaintiff filed a reply brief supporting summary judgment. . . . All the briefing allowed under S.D. Ohio Civ. R. 7.2(a) has therefore been filed. Under these circumstances, your client must move for leave to conduct discovery pursuant to Fed. R. Civ. P. 56 (d). It has not done so.
>
> In my opinion, your proposed deposition has no purpose besides visiting annoyance, oppression, and undue burden on the plaintiff. It cannot be used to oppose his summary judgment motion. He is thereby entitled to a protective order.
>
> However, Fed. R. Civ. P. 26(c)(1) requires us to first confer or attempt to confer "in an effort to resolve the dispute without court action". To resolve this dispute, I propose that you submit written questions to the plaintiff for him to answer, as appropriate, on the condition that he will not be deposed.
>
> If we cannot resolve this dispute by Monday, March 11, 2019, I will file a protective order motion on that date to give the Court sufficient time to resolve the issue.

(ECF No. 24-2). I.C. System's counsel responded with an email stating the following:

> Thank you for your letter. I think we have different readings of the civil rules. No rule requires us to move for leave to take Plaintiff's deposition. In fact, Rule 26(d) permits discovery once the 26f conference has occurred. Plaintiff's premature filing of a motion for summary judgment does not mean that we cannot take

> Plaintiff's deposition. Please reconsider. If you need to propose alternate dates, please do so promptly. Let's not wait until after the PPC to get a date set. Thanks[.]

(ECF No. 24-3). Silverman's counsel responded with another email reiterating the same position and stating that Silverman's Motion for Summary Judgment was not premature. (ECF No. 24-2). After the parties were unable to resolve their dispute, Silverman filed a Motion for Protective Order (ECF No. 24).

The Magistrate Judge issued an Opinion (ECF No. 28) denying Silverman's Motion for Protective Order because Silverman failed to show good cause to justify a protective order preventing I.C. System from deposing Silverman before a decision on his Motion for Summary Judgment. Silverman filed an *Objection* (ECF No. 29) stating "[a]*ll that the plaintiff wants is a protective order to stay his deposition until summary judgment is decided.*" *Id.* at 6 (emphasis in original). I.C. System filed a memorandum in opposition; Silverman filed a reply.

First, the Court addresses whether Silverman's Motion for Summary Judge is premature. Because it is, the Court need not address I.C. System's Motion for Leave to File Sur-reply or Silverman's Objection as those motions are moot.

## II.

Silverman filed his Motion for Summary Judgment four days after I.C. System filed its Answer. Under Federal Rule of Civil Procedure 56, motions for summary judgment are usually based on the results of discovery, i.e., "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(a). When Silverman filed his Motion for Summary Judgment, I.C. System had not had the opportunity to seek or receive any of these basic elements of discovery. Although Rule 56(b) allows a party to

4

move for summary judgment "at any time," Fed. R. Civ. P. 56(b), "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance by & through Hammons v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996).

"If the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Vance v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996) (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994)). However, the non-movant bears the obligation to inform the Court of its need for discovery. Ordinarily, this is accomplished by moving for additional discovery or by filing an affidavit pursuant to Federal Rule of Civil Procedure 56(d), which provides:

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The Sixth Circuit has observed that "filing an affidavit that complies with Rule 56(d) is essential, and that in the absence of such a motion or affidavit, 'this court will normally not address whether there was adequate time for discovery.'" *Moore v. Shelby Cnty., KY*, 718 Fed. Appx. 315, 319 (6th Cir. 2017) (quoting *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995)). But the Sixth Circuit has also found that "although Rule 56 'provides courts with a useful method by which meritless cases may be discharged … the benefits of this rule are quickly undermined if it is employed in a manner that offends concepts of fundamental fairness.'" *Id.* (quoting *White's Landing*, 29 F.3d at 231. For that reason, "a formal affidavit may not be required 'when a party has clearly explained its need for more discovery on a

5

particular topic to the district court prior to or contemporaneously with the motion for summary judgment.'" *Id.* (quoting *Unan v. Lyon*, 853 F.3d 279, 293 (6th Cir. 2017)).

Here, I.C. System objected to Silverman's evidence, asserted that Silverman never disclosed any of the evidence to I.C. System, and claimed that Silverman's conduct amounted to "nothing more than trial by ambush." Def.'s Memo. in Opp. at 2–3. Therefore, I.C. System clearly explained it had never had the opportunity to conduct any discovery to defend itself against Silverman's dispositive motion. "Requiring a redundant 56(d) affidavit in this case, where Plaintiff has already made the argument in her opposition brief, would unduly exalt form over substance." *Moore*, 718 Fed. Appx. at 319. "Thus, although Plaintiff filed neither a Fed. R. Civ. P. 56(d) affidavit nor a request for additional discovery, by making the argument in her opposition brief, [Plaintiff] complied with the substance and purpose of Rule 56(d) and fulfill [its] 'obligation to inform the district court of [its] need for discovery' prior to a decision on the summary judgment motion." *Id.* (citing *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002)).

Silverman's Motion for Summary Judgment was premature. I.C. System should have been afforded an opportunity to obtain discovery before being forced to respond to a dispositive motion. *See Booker v. Cheadle Law*, No. 3:17-CV-1394, 2018 WL 3589114, at *2 (M.D. Tenn. May 25, 2018) (collecting cases). Silverman filed his Motion for Summary Judgment just four days after I.C. System answered and two months before the parties filed their Rule 26(f) report. (*See* ECF No. 12). The only evidence Silverman offered was his own affidavit. I.C. System did not have the opportunity to depose Silverman or obtain discovery involving his sworn statements. *See Lyons v. Secretary of the Air Force*, No. 3:12-CV-142, 2014 WL 6824051, at *1 n.1 (S.D. Ohio Dec. 3, 2014) ("A party protects itself against self-serving affidavits by means of

6

thorough depositions."). In fact, when I.C. Systems attempted to depose Silverman, he moved for a protective order. Based on the timing of Silverman's Motion for Summary Judgment and I.C. System's inability to conduct nearly any discovery before being required to defend itself, the Court finds that Silverman's Motion was premature.

### III.

Accordingly, the Court **DENIES without PREJUDICE** Silverman's *Motion for Summary Judgment*. (ECF No. 14). Silverman may, if he elects, refile the same motion after the completion of discovery. The Court **DENIES as MOOT** I.C. System's *Motion for Leave to File Sur-reply* (ECF No. 19). And, because Silverman objected to the Magistrate Judge's Order denying his motion for a protective order to stay his deposition until his Motion for Summary Judgment is decided, the Court **OVERRULES as MOOT** Silverman's *Objection* (ECF No. 31).

**IT IS SO ORDERED.**

5/3/2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE